N. B. HAMILTON, Respondent, *vs.* ABR. MARKS AND HIRAM BLACK, Appellant.

1. *Bills and notes—Assignment before maturity—Notice—Equitable defenses.—* In order to let in equitable defenses against a note assigned before maturity, express notice of the consideration before the assignment was made, is not indispensable; but it will be sufficient if the circumstances are of such a strong and pointed character as necessarily to cast a shade upon the transaction and to put the holder on inquiry.

*Appeal from the Linn County Court of Common Pleas*

*A. W. Mullins,* for Appellant.

If the maker prove the note had been obtained from him by fraud, or was fraudulently put in circulation by the payee, the holder must prove that he took it honestly, without knowledge of the fraud. (Story on Promissory Notes (5th Ed.) § 196, and note; 1 Parsons on Notes and Bills, 188, and note (*h*); Bailey vs. Bidwell, 13 Meeson & Welsby, 73; Woodhull vs. Holmes, 10 John., 231; Vallett vs. Parker, 6 Wend., 622; Small vs. Smith, 1 Denio, 583, 586; Monroe vs. Cooper, 5 Pickering, 412; Vathir vs. Zane, 6 Gratt., 246; Ross vs· Bedell, 5 Duer., 462; Catlin vs. Hansen, 1 Duer., 322; Devlin v. Clark, 31 Mo., 22; Renshaw vs. Wills, 38 Mo., 201; McKesson vs. Stanbury, 3 Ohio St.. 156; Sandford vs. Norton, 14 Vt., 228; Stalker vs. McDonald, 6 Hill., 93.)

Whatever is notice enough to excite attention, and put a party on his guard and call for inquiry, is notice of everything to which such inquiry might have led. (Story on Bills, (4th Ed.) § 194; 3 Kents Com. Marg., pp. 79, 82; 1 Parsons N. and B., 257, 259; Renshaw vs. Wills, 38 Mo., 201; Devlin vs. Clark, 31 Mo., 22; Goodman vs. Simonds, 19 Mo., 106; Rhodes vs. Outcalt, 48 Mo., 367; Speck vs. Riggin, 40 Mo., 405; Louisiana St. Bk., vs. The N. O. Nav. Co., 3 La. An., 294; Kennedy vs. Green, 3 Mylne & Keen., 719; Cone vs. Baldwin, 12 Pick., 545; Gould vs. Stevens, 5 Am. R., 265; (43 Vt. 125.) Howard vs. Kimball, 6 Am. R., p. 740. (65 N. C., 175.)

*G. W. Easley,* for Respondent.

The holder of a negotiable note, for value, without notice,

can recover it, notwithstanding that he took it under circumstances which ought to excite the suspicion of a prudent man.

In order to destroy such holder's title, it must be shown that he took it *mala fide*. (Story on Bills, § 416; Edwards on Bills, 506; 2 Parsons on Bills, 277, 278, 279; Story on Prom. Notes, (Ed. of 1868,) § 382; Swift vs. Tyson, 16 Peters, 1; Goodman vs. Simonds, 20 How., 343; Bank vs. Neal, 22 How., 96; Murray vs. Lardner, 2 Wall., 110; Brush vs. Scribner, 11 Conn., 388; Redfield's Leading cases on Notes and Bills, 257; Phelon vs. Moss., 67 Pa., 59; Magee vs. Badger, 34 N. Y., 247; Bank vs. Hoge, 35 N. Y., 65.)

All the cases to the contrary were based upon Gill vs. Cubitt, 3 B. & C., 466; (10 Eng. Com. Law Rep., 144,) which has been overruled by Goodman vs. Harvey, 4 Adolph & Ellis, 870; (31 Eng. Com. Law Rep., 381.)

ADAMS, Judge, delivered the opinion of the court.

This was an action on a promissory note, executed by the defendants, to one T. H. Cooley, and by Cooley assigned to plaintiff before maturity. The separate answers of the defendant Marks set up a conditional sale of a farm to him by Cooley, that the conveyance was made to him for the purpose of making the sale to one Walker, and that the note was executed simply to secure Cooley in the faithful discharge by Marks of the trust; and that in case no sale should be made to Walker before maturity of the note, the note was to be void.

This answer also set up a fraudulent conspiracy between Walker and Cooley to sell the farm to Marks, and charged the defendant with notice of the fraud, etc. The answer also set up what the consideration of the assignment was, and that it was not for value, etc.

The plaintiff replied, denying specifically all the material allegations of the answer.

Both parties gave evidence conducing to establish their respective sides of the case.

The jury found a verdict for the plaintiff for something less

than the amount of the note, and a motion for a new trial was made and overruled.

The only point which we are called upon to review, grows out of the instructions given for the plaintiff and the second instruction of defendant's, refused by the court. The refused instruction reads : " The Jury are instructed, that if they believe from the evidence that the note sued on was obtained by Cooley from the defendant Marks by fraud practiced upon him by said Cooley; then in order to affect the plaintiff with such fraud, it is not necessary that he should have had actual and positive knowledge of such fraud, before the assignment of said note to him ; but that is sufficient notice if it be such as men usually act upon in the ordinary affairs of life."

The objection urged against this instruction, is, .that the assignee of a negotiable note before maturity must have actual or express notice of any alleged infirmity or fraud in the execution or consideration of the note, and that circumstances which ought to put a prudent man on inquiry are not sufficient notice to invalidate the note in his hands.

Judge Story in his work on Promissory Notes uses this language : " It is agreed, on all sides, that express notice is not indispensable; but it will be sufficient if the circumstances are of such a strong and pointed character as necessarily to cast a shade upon the transaction, and to put the holder on inquiry." (Story on Promissory Notes, § 197.) This doctrine as here laid down, was the established law of England for a long time, but recently the English Courts have abandoned it, upon the alleged ground of its inconvenience, and its obstruction to the free circulation of negotiable paper. But in America the recent English Rule has been denied and the old doctrine declared to be too long and firmly established, to be now shaken or overruled.

In Pringle vs. Phillips, 5 Sand. R., (N. Y.) 157, Judge Duer in a very elaborate opinion, reviews the cases of Crook vs. Jadis, 5 B. & Ad., 909 ; Backhouse vs. Harrison, 5 B. & Ad. 1098 ; Goodman vs. Harvey, 4 A. & E. 870, which overruled the prior English cases, and very clearly shows that the

old doctrine has too solid a foundation in principle, to be now overturned or shaken by their recent English decisions. Whatever respect we may have for the learned tribunal, by which those cases were decided, we think they ought not to be regarded as evidence of the law which the American Courts are bound to follow.

We think the old doctrine is the better rule, and is supported by the weight of authority and reason both in England and America. (See Gill vs. Gubitt, 3 B. Cressw. 466.) Snow vs. Peacock and others, 3 Ring, 406; Haynes vs. Foster, 4 Tyrwhitt, 65; Beckwith vs. Corrall, 3 Bing, 444; Snow vs. Saddler, 3 Bing, 610; Estrange vs. Wigney, 6 Bing, 677; Easley vs. Crockford, 10 King, 243; Wiggins vs. Bush, 12 Johns. 306; Ayer vs. Hutchins, 4 Mass., 370, Cone vs. Baldwin, 12 Pick., 545; Hall vs. Hale, 8 Conn., 336; Home vs. Karsper, 5 Binn, 469; Sandford vs. Norton, 14 Vermont, 228; Nicholson vs. Patton, 13 Louis, 213.)

For these reasons we think the court erred in refusing the second instruction asked by the defendants, and the court also erred in the instructions given for the plaintiff, which required actual notice on his part of the alleged fraud or infirmity in the execution or consideration of the note.

The judgment will therefore be reversed and the cause remanded. The other judges concur.