52 531
41a 405

52 531
121 248
57a 119

52 531
84a 303

52 531
167 399

————o————

BENJAMIN HORTON, Respondent, *vs.* RICHARD W. BAYNE, Appellant.

1. *Bills and notes—Transfer before maturity—Consideration, when may be inquired into.*—An indorsee of negotiable paper before maturity is presumed to be the owner in good faith and for value, unless there are circumstances antecedent to, or attendant on, the act of transfer, amounting to either actual notice to the holder, of fraud, illegality or failure of consideration, or to such a combination of suspicious circumstances, as would in legal contemplation afford ground for the presumption that the purchaser of the paper was aware, at the time of its acquisition, of some equity between the original parties thereto, which should have prevented its purchase by him.

*Appeal from St. Louis Circuit Court.*

*Jno. J. Louthan and A. D. Lewis,* for Appellant.

When the maker of a note endorsed before maturity proves lack of consideration therefor, the burden of proof is on the holder, to prove that he received it for value. (Story on Bills, 215, § 193; Bryant and Stratton's Commercial Law, 174, § 365; Rogers vs. Morton, 12 Wend., 484; Munroe vs. Cooper, 5 Pick., 412.)

*James E. Withrow and John C. Anderson,* for Respondent.

The holder of any negotiable paper before it is due, is not bound to prove that he is a *bona fide* holder for value, without notice. (Swift vs. Tyson, 16 Peters, 15; Story on Promissory Notes, (Ed. 1868,) 510, § 381; Potter vs. McDowell, 43 Mo., 97; Chitty on Bills, (11th Ed.,) 78 and 79; Savings Bank vs. Bates, 8 Conn., 505; Story on Bills 207, § 188; Bayley on Bills, § 3; W. S. 216, § 15; 1061 § 25.)

SHERWOOD, Judge, delivered the opinion of the court.

Plaintiff, Horton, brought suit in the St. Louis Circuit Court against Bayne on a negotiable promissory note, executed and delivered by the latter to one Partridge.

The petition, after the usual averments, states that the note sued on was, before its maturity, indorsed by Partridge for value and delivered to plaintiff.

The answer of Bayne admits the execution of the note, as charged in the petition ; admits the transfer by indorsement of the note from Partridge to plaintiff, but claims that such indorsement was without consideration, and fraudulently made in order to cut off the defendant from making any defense, also for that purpose the assignment of the note was made subsequent to its maturity, and fraudulently antedated.

And the answer in conclusion pleaded a total failure of consideration ; i. e., that the note was given for fruit trees, warranted to be sound and thrifty, but which were damaged, unsound, frozen and worthless, and that plaintiff was apprized of all this prior to the assignment.

There was a reply to this answer, traversing its chief allegations.

At the trial, the only evidence adduced on the part of defendant tended to show that the trees, for which the note was given two or three days after their reception by defendant, were utterly worthless, but it did not appear that plaintiff was aware of any failure of consideration, and the court at the instance of plaintiff, instructed the jury that :

"Under the law it devolves upon the defendant to prove the fraudulent assignment of said note to plaintiff, or that it was assigned to plaintiff after maturity, or that the consideration of said note had wholly failed, and that plaintiff had notice of such failure of consideration at and before the assignment of said note to plaintiff by said Partridge."

"The court further instructs the jury, that there is no evidence to prove or tending to prove either of these defenses, and the jury will find for the plaintiff the amount of said note and interest."

The defendant excepted to the action of the court in giving these instructions, and then asked the court to give on his behalf the following :

"The court instructs the jury, that, if they believe from the

evidence that the note in suit was given for fruit trees delivered by Partridge to Bayne, and that said fruit trees were at the time of their delivery warranted by Partridge to be sound and thrifty, and that at the time of their delivery they were unsound and of no value, they will find for the defendants Bayne."

This instruction was refused, defendant again excepted, and after verdict for plaintiff, and unsuccessful motion for new trial, this cause is brought here by appeal.

The law is too well settled to admit of discussion, that the indorsee of negotiable paper before maturity, is presumed to be the owner in good faith and for value, unless there are circumstances antecedent to, or attendant on the act of transfer, amounting to either actual notice to the holder of fraud, illegality or failure of consideration, or to such a combination of suspicious incidents, as would in legal contemplation afford ground for the presumption that the purchaser of the paper was aware at the time of its acquisition of some equity between the original parties thereto, which should have prevented its purchase by him.

A doctrine contrary to this would completely overthrow the negotiability of commercial paper.

The indorsement of the note in this case must be presumed to have been made at the time it bears date, and that was long anterior to the maturity of the note. The defendant however, shouldered the burden of establishing the affirmative statements of his answer.

But his testimony did by no means comport with, or support his pleadings, nor did it have the slightest tendency in that direction.

The instructions of the court in behalf of plaintiff were therefore correct, and for like reasons there was no error in the refusal to instruct as prayed by defendant.

Judgment affirmed. The other Judges concur.