———o———

AMANDA CORBY, Executrix, etc., of JOHN CORBY, deceased, Respondent, *vs.* SQUIRE T. BUTLER, Appellant.

1. *Promissory notes—Innocent holder for value, etc.—Antecedent equities.—* Fraud between the original parties to a negotiable note cannot be set up as a defense against a subsequent holder who took the note for value before maturity in the usual course of business, and without notice of the fraud.

2. *Promissory notes—Indorsee before maturity presumed innocent, etc.—*An indorsee of negotiable paper before maturity is presumed to be the owner in good faith and for value, in the absence of evidence to the contrary.

3. *Practice, civil—Instructions, evidence.—*Instructions not warranted by the proof are properly refused.

*Appeal from Andrew Circuit Court.*

*Vineyard & Young,* for Respondent.

*Loan & Van Waters,* for Appellant

ADAMS, Judge, delivered the opinion of the court.

This was an action on two negotiable promissory notes, which had been executed by the defendant to one S. P. De-Wolf. Both are made payable to S. P. DeWolf or bearer, for value received, each for $190, and dated at Clinton county

Mo., July 30th 1869; one payable six months after date, and the other one year after date. The petition alleges that the plaintiff's testator bought the notes for value before maturity. The answer does not deny the execution of the notes, but alleges that they were fraudulently obtained from the defendant, and sets out the facts constituting the fraud; and alleges that the plaintiff's testator did not take the notes in the usual course of trade for value and without notice of the alleged fraud. On the trial, the plaintiff gave evidence tending to show that the testator loaned DeWolf money, and took his notes for the loan, and as part of the same transaction took these notes as security for the loan before their maturity. The defendant then offered to prove the facts, set up in his answer, constituting the fraud, which the court excluded upon the ground that it appeared that the notes had been transferred to the testator by delivery, for value before maturity, and to this ruling the defendant excepted.

At the instance of the plaintiff the court instructed the jury, "that under the pleadings and evidence in this case they should find for the plaintiff, and assess her damages at such sum as they might believe from the evidence is due her on the notes sued on, not exceeding the amount due plaintiff on the notes of DeWolf, which were read in evidence." To the giving of this instruction the defendant excepted. The jury found for the plaintiff and the defendant filed a motion for a new trial which was overruled, and he has appealed to this court.

The court committed no error in excluding the testimony offered by the defendant, to prove the alleged fraud in procuring the notes. There was no foundation laid for the introduction of such proof. There was no evidence tending to show that the testator took the notes without value, or after maturity, or not in the usual course of trade, or with notice of the alleged fraud. It would have been improper to admit evidence of the fraud without first laying a foundation for its admission.

The plaintiff's testator was an indorsee by delivery of the notes sued on before maturity. The notes were payable to

bearer and their delivery to the testator constituted a valid transfer of the legal and equitable title. As this transfer was made before maturity, in the absence of evidence to the contrary, he must be presumed to be an innocent holder for value. (See Horton vs. Bayne, 52 Mo., 531.) As the defendant offered no evidence to impeach the testator's innocence as holder of the notes, the instruction which the court gave for plaintiff was in the nature of a demurrer to the defense as proved or offered to be proved, and was therefore a proper ruling as this case stood before the court. The defendant asked two instructions which were properly refused, as they were not warranted by the proof. Upon the whole record, the judgment was for the right party.

Judgment affirmed. Judge Vories did not sit; the other judges concur. '