————o————

WILLIAM GREER, Respondent, *vs.* LOUIS S. YOSTI, Appellant.

1. *Bills and notes—Holder for value before maturity presumed to be an innocent holder—Consideration, when can be impeached.*—The indorsee of negotiable paper for value before maturity is presumed to be an innocent holder, and must be so treated in the absence of proof to the contrary; and without such proof no evidence is admissible to impeach the consideration.

2. *Bills and notes—Consideration, what sufficient notice of fraud.*—The notice of fraud must be at least sufficient to put the purchaser on inquiry. Express notice is not indispensable; it will be sufficient if the circumstances are such as to strongly indicate that there was fraud in procuring the paper; but the circumstances must be of such a strong and pointed character as necessarily to cast a shade on the transaction and to put the holder on inquiry.

*Appeal from St. Louis Circuit Court.*

*Henry B. O'Reilly*, for Appellant.

*T. H. Wilson*, for Respondent.

ADAMS, Judge, delivered the opinion of the court.

This was an action on a negotiable promissory note, brought by the plaintiff as indorsee for value before maturity against the plaintiff as maker. The suit originated before a justice of the peace and was taken to the Circuit Court by appeal, and was submitted to a jury for trial and resulted in a verdict and judgment in favor of the plaintiff, which was affirmed at General Term and the defendant has appealed to this court.

The defendant offered evidence to impeach the consideration of the note, which was excluded by the court and he excepted. There was no evidence offered, or given, that the plaintiff at the time he purchased the note had any information or notice in regard to the alleged infirmity of the consideration of the note.

The indorsee of negotiable paper for value before maturity, is presumed to be an innocent holder and must be so treated in the absence of proof to the contrary; and without such proof, no evidence is admissible to impeach the consideration.

The notice of the fraud must be at least sufficient to put the purchaser of the paper on inquiry. Express notice is not indispensable. It will be sufficient if the circumstances are such as to strongly indicate that there was fraud in procuring the paper. But the circumstances must be of such a strong and pointed character as necessarily to cast a shade upon the transaction, and to put the holder on inquiry. (Hamilton vs. Marks, 52 Mo., 78; Horton vs. Bayne, 52 Mo., 531; Corby vs. Butler, 55 Mo., 398; Bennett vs. Torlina, *post*, p. 309.) The record does not present any evidence to warrant the conclusion that the plaintiff had any notice whatever of the alleged fraud in the consideration of this note. There seems to be no error to justify us in disturbing this judgment.

Judgment affirmed; Judge Wagner absent, the other judges concur.