———o———

ELLIOTT T. MERRICK, *et al.*, Plaintiffs in Error, *vs.* HIRAM L. PHILLIPS, Defendant in Error.

1. *Bills and notes—Consideration—Innocent holder.*—The consideration of a negotiable promissory note, in the hands of an innocent holder for value, cannot be inquired into, and before the consideration can be impeached it must be first shown that the holder had notice of the lack of consideration.

*Error to Putnam Circuit Court.*

*J. E. Withrow with W. A. Shelton*, for Plaintiffs in Error.

*Hyde & Christy*, for Defendant in Error.

WAGNER, Judge, delivered the opinion of the court.

This was an action by the plaintiffs, as assignees of a negotiable promissory note, against the defendant. The note was executed to one Partridge, on the 5th day of November, 1870, was due and payable nine months after the date thereof, and was by Partridge, on the 1st day of July, 1871, assigned to plaintiffs.

The note was given for fruit trees and shrubbery, and the defense set up was a partial failure of consideration. It was averred in the answer, that the plaintiffs, when they took the

note, had notice of the failure of consideration, and also that the assignment was made for the purpose of precluding a just and lawful defense.    These charges were denied in the replication.

For the purpose of showing notice on the part of the plaintiffs, A. J. Haskinson was introduced, and was permitted to testify, against their objection, that in the fall of 1870, about the last of October or the first of November, he was in plaintiff's office, and that Partridge was there, and that he learned from their conversation that they were all partners, or interested in the St. Louis Stone Ware Company. Witness thought Stickney was not in the office, but believed that Merrick was. Whilst in the office he had considerable conversation with Partridge about his sale of fruit trees, and Partridge stated that there seemed to be considerable dissatisfaction on the part of those who had ordered trees.    Witness did not know whether either of the plaintiffs heard what Partridge said about the trees; he thought Merrick was in the office at the time, but was not certain.

After this evidence was admitted, the court then permitted the deposition of the defendant to be read to the jury, tending to prove the issue raised in his answer, and a verdict was rendered in his favor.

The court erred in holding the evidence of Haskinson a sufficient foundation to warrant the evidence impeaching the consideration of the note.   His conversation with Partridge was before the note was given.   His understanding from the parties, that they were interested together in the Stone Ware Company, was entirely foreign to this transaction, and had no relevancy to the case.

At best, Partridge only said that there appeared to be considerable dissatisfaction on the part of those who had ordered trees, but no particular allusion was made to the lot which is the subject of this dispute or litigation.   But even admitting that this might have been sufficient to have put a prudent man on his guard, still there is no evidence that either of the plaintiffs were apprised of the fact or heard any of the conversation.

---

---

The witness distinctly states that one of the plaintiffs was absent, and he does not know whether the other heard the conversation or not. The evidence was utterly insufficient as a foundation for charging the plaintiffs with notice, and as the note was negotiable and assigned before maturity, no inquiry into the consideration could be had till it was shown that plaintiffs were not innocent purchasers. (Horton vs. Bayne, 52 Mo., 531; Corby vs. Butler, 55 Mo., 398; Bennett vs. Torlina, 56 Mo., 309.)

Wherefore the judgment should be reversed and the cause remanded; the other judges concur.