JOHN H. A. MEYER AND LOUIS HOFFMAN, Respondents, v. ARNOLD WITHMAR, ROBERT B. GRAY, LOUIS KAMINSKI AND J. M. WARD FURNITURE AND CARPET COMPANY, Defendants; ARNOLD WITHMAR AND ROBERT B. GRAY, Appellants.

St. Louis Court of Appeals, May 13, 1890.

**Bills and Notes:** BONA FIDE PURCHASER: BURDEN OF PROOF. If a partner fraudulently indorse a negotiable promissory note in the name of his firm, and the indorser seeks to hold his copartners on the indorsement, it devolves on such indorsee, after proof of fraud in the indorsement, to show that he purchased the note for value in the regular course of business, and that he acted in good faith in making the purchase ; and, *held*, that the purchaser in the case at bar could not be deemed a purchaser in good faith, since it appeared that he gave in consideration of the transfer his own note payable to the wife of the partner who had fraudulently indorsed the note to him, and there was no evidence of a practice on the part of such partner with the knowledge of his copartners to so deal with partnership property.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL D. FISHER, Judge.

REVERSED AND REMANDED.

*W. H. Clopton*, for appellants.

(1)   When Kaminski took the note sued on, it was
in pursuance of the agreement of dissolution, and he
had no power to bind defendants, Gray & Withmar, by
his indorsement of it after it passed into his hands.
Story on Part. [[7 Ed.] sec. 268 ; 1 Colly. on Part.
[6 Ed.] p. 155 ; *Spaunhorst v. Link*, 46 Mo. 197 ; *Tutt
v. Colony*, 62 Mo. 116 ; *Mudd v. Bart*, 34 Mo. 465 ;
*Featherstonough v. Fenwick*, 17 Vesey, 298 ; 1 Colly.
on Part. 158.   (2)   The second instruction asked by
defendants, and refused, should have been given.
According to Kaminski's testimony of what transpired
at the time he sold (?) the notes to plaintiffs, the trans-
action was so glaringly outside of the scope of the part-
nership business that the indorsement of the firm name
by Kaminski could not bind the firm to plaintiffs. *Clay-
ton v. Hardy*, 27 Mo. 536-7 ; *Hager v. Gravis*, 25 Ct. of
App. 164 ; *Mercien v. Mock*, 10 Wend. (N. Y.) 463 ;
*Dab v. Halsey*, 16 John. (N. Y.) 38 ; *Williams v. Gil-
christ*, 11 N. H. 535 ; *Whitman v. Oxford*, 6 Wis. 677 ;
Colly. on Part., notes by Wood. [6 Ed.] pp. 785-6, sec.
501 ; p. 793, note ; Story on Part., secs. 127, 128, 130.
(3)   The third instruction asked by defendants, and
refused, should have been given.   Plaintiffs were not
purchasers for value ; they had merely issued their note
which was still in the hands of the payee.   1 Perry on
Trusts [3 Ed.] sec. 221 ; 2 Sugden on Vend., bot. p.
753 ; *Peabody v. Fenton*, 3 Barb. Ch. 464.   (4)   After
the dissolution of a partnership, one of the parties can-
not indorse notes payable to the firm so as to bind the
partnership.   *McDaniel v. Wood*, 7 Mo. 543 ; *Long v.*

*Story*, 10 Mo. 636 ; *Bredon v. Ins. Co.*, 28 Mo. 185 ; *Moore v. Lochman*, 52 Mo. 325. (5) When the note sued on was turned over to Kaminski by the other partners, it was with the implied authority to indorse the note with the firm name, without recourse, for the purpose of collection or sale. *Fellows v. Wyman*, 33 N. H. 351–7 ; *Yule v. Eames*, 1 Met. (Mass.) 486–7 ; *Waite v. Foster*, 33 Maine, 424–6.

*Charles A. Davis*, for respondents.

BRIGGS, J.—The plaintiffs compose the firm of Meyer & Hoffman, and they instituted this action upon a negotiable promissory note, signed by the J. M. Ward Furniture and Carpet Company, as maker, and payable to the order of the firm of A. Withmar & Co. The plaintiffs claimed that they were the owners of the note, and that it had been indorsed to them before its maturity by A. Withmar & Co.; that the note at its maturity was presented to the maker for payment, which was refused ; that it was duly and regularly protested for non-payment, and due notice thereof given to the defendants, Arnold Withmar, Robert B. Gray and Louis Kaminski, composing the firm of A. Withmar & Co.; wherefore the plaintiffs prayed judgment against all of the defendants for the amount of the note.

The Ward Furniture Company and Kaminski made default. The appellants Withmar and Gray filed their separate answer, and, after tendering the general issue, they averred that, at the date of the note, to-wit, October 2, 1888, the firm of A. Withmar & Co. was composed of themselves and Louis Kaminski ; that the note was delivered to their said firm by the " Ward Furniture Company ; " that a few days thereafter, to-wit, on the nineteenth day of the same month, the firm was by mutual consent dissolved ; that, in the distribution of the assets, the note in suit was set apart to Louis

Kaminski, and that in the consideration of the settlement Kaminski agreed to accept the note sued on as so much cash, without any further or contingent liability of the firm for its payment. It is then averred that the indorsement of the firm name on the note by Kaminski, and its delivery by him to the plaintiffs, were made after the dissolution, and that the note was received by the plaintiffs under such circumstances as to impart notice to them of the fact of dissolution, or at least to put them upon inquiry as to Kaminski's right to bind the firm by the indorsement. To this answer a replication was filed.

The cause was submitted to the court without a jury, and the finding and judgment were in favor of the plaintiffs and against all the defendants. The defendants Withmar and Gray have prosecuted this appeal.

The evidence in the case does not exactly sustain the averments of the appellant's answer as to the circumstances under which the note was turned over to Kaminski. It is shown by the evidence that on the nineteenth day of October, 1888, the firm of A. Withmar & Co. was dissolved by the purchase of the respective interests of Withmar and Kaminski by one L. B. Stephenson. The agreement was that Stephenson should pay to each one of the retiring parties a stipulated sum for their respective interests in all of the assets of the firm, and that the new firm of R. B. Gray & Co., composed of the defendant R. B. Gray and Stephenson, should continue the business, and assume and pay all outstanding debts of the old firm. After the terms of the sale had been agreed on, Kaminski and Stephenson disagreed as to the manner of payment. Stephenson asked Kaminski to accept his individual notes on short time for a portion of the purchase money. This Kaminski declined to do. Stephenson then agreed to transfer to him two notes against a third party, which he agreed to accept, provided the new firm would

indorse the paper. This was agreed to by Stephenson and Gray. This left a small balance due Kaminski, and he agreed with Stephenson and Gray to accept in payment thereof the J. M. Ward Furniture Company note, which, at that time, constituted a part of the assets of the old firm, and by the terms of the purchase was to become the property of the new firm. Immediately thereafter the bookkeeper at the request of Kaminski delivered to him the note in controversy, and Kaminski thereupon indorsed the name of the firm on the back of the note, and at the same time, or a little while thereafter, Stephenson paid to Kaminski twenty-five hundred dollars in money. After Kaminski received the money and note, he immediately made application to the plaintiffs to lend them the money paid by Stephenson, and also to sell to them the Ward Furniture Company note. The plaintiffs agreed to this, and, in consideration of the money and the note, they executed and delivered to Kaminski their note, payable to Kaminski's wife. There is no substantial conflict in the evidence concerning the above-stated facts. The only matter, concerning which there was a material conflict, was the agreement concerning the mode and manner of the assignment of the note to Kaminski. The defendants' evidence tended to prove that Kaminski agreed to receive the note without the firm's indorsement, and that it was distinctly understood that he would look to the Ward Furniture Company alone for its payment; that the Ward Furniture Company at that time was supposed to be perfectly good, and that Kaminski preferred this note, without any indorsement, to the individual note of Stephenson indorsed by the new firm. On the other hand, Kaminski testified that it was agreed by all parties that the note should be transferred to him in part payment of the balance due him from Stephenson, and that there was no special agreement in respect of the manner of its indorsement. Concerning the purchase of the note by

the plaintiffs there was no evidence impeaching its good faith, except the circumstances attending it.

There are no exceptions as to the admission or rejection of evidence, and the errors complained of are based solely on the instructions given and refused. The theory upon which the trial judge determined the case, as we gather it from his own instructions, was that Withmar and Gray, as members of the firm of A. Withmar & Co., were bound as indorsers by the assignment of the note by Kaminski, if the firm was not dissolved at the time when the indorsement was made; and, if, as a matter of fact, the firm was dissolved at the time when Kaminski made the indorsement, Gray and Withmar must be still held, unless the plaintiffs had notice or knowledge of the dissolution prior to the delivery of the note to them by Kaminski. No other conditions were attached to the plaintiffs' right of recovery, except that they must have acquired the note for value; and, on this subject, the court declared by instruction that the execution by plaintiffs of their note to Mrs. Kaminski, in consideration of the indorsement, constituted them holders for value. On the other hand, the defendants Gray and Withmar insist that the indorsement of the note by Kaminski was made after the dissolution of the firm, and that, therefore, his indorsement of the firm's name on the note, with the intention of binding the firm as indorser, was a fraud, and that, when the defendants introduced evidence tending to prove this fact, then it devolved on the plaintiffs to show that they acquired the note for value in the regular course of their business, without notice of the dissolution of the firm and, without any knowledge of any facts or circumstances which would lead a prudent person to suspect the fraud.

The defendants' view of the law seems to be the correct one, as far as it goes, but, under the facts in this case, as we will hereafter show, it matters not whether, at the time of the indorsement by Kaminski, the dissolution had been finally consummated or not; in either

case, his action in attempting to bind his partners by the indorsement was an actual fraud upon them, unless they consented to be thus bound. The general rule undoubtedly is that, while a partnership continues to do business, one partner can, within the scope of the business, sell and transfer the securities of the firm; and, if negotiable paper belonging to the firm is transferred by one partner before its maturity, the other members of the firm will be held as indorsers. But this rule has some limitations. When it appears that the paper was wrongfully negotiated for the individual use and benefit of the member making the indorsement, then, in order to bind the other members as indorsers, the holder must prove that he acquired the paper in his usual course of business for a valuable consideration, and under circumstances not affecting him with notice of the fraud. This is the rule when a member of the firm, without authority, signs the firm name to a note in payment of his private debt; and we can see no reason why the same principle does not apply to the fraudulent indorsement of the firm name in a transfer of negotiable paper, when it is done for the private advantage of one partner. 1 Daniel, Negotiable Instruments [3 Ed.] sec. 369; *Bank v. Gilliland*, 2t Wend. 311; *Bank v. Cameron*, 7 Barb. 143; *Munroe v. Cooper*, 5 Pick. 412. It is also the rule that, when the maker of negotiable paper proves that the instrument sued on had its origin in fraud, or was fraudulently put in circulation, it devolves upon the holder to prove that he received it "*bona fide* before maturity and for value." *Franklin Savings Institution v. Heinsman*, 1 Mo. App. 336; *Hamilton v. Marks*, 63 Mo. 167; *Johnson v. McMurray*, 72 Mo. 278; *Carson v. Porter*, 22 Mo. App. 179. The case under consideration and those cited are analogous, and the principles of law governing the one ought to be equally applicable to the other.

Now, let us apply the law to the facts in this case. According to Kaminski's own testimony it was the

contract between him and Withmar on the one side, and Stephenson on the other, that the latter should pay to each one a certain amount for their respective interests in the old firm ; that the note sued on ( together with all assets belonging to the old firm ) should become the property of the new firm, without any contingent liability for its payment by the members of the old firm. When Stephenson and Kaminski were closing up the deal, the latter refused to accept Stephenson's notes for a small balance due him, but he suggested to Stephenson and Gray that, in lieu of Stephenson's note or the money, he would take the note of the Ward Furniture Company. This was agreed to. At the time when this agreement was made, the note of the Ward Furniture Company was, to all intents and purposes, the property of the new firm, and the old firm under the contract of purchase was not to be held liable for its payment. Therefore, we say, that the claim made by the plaintiffs that Kaminski received the note on the faith of the indorsement of the old firm, and that he had a right to bind its members as indorsers by a sale to the plaintiffs, cannot be sustained, unless it was so agreed by Gray and Withmar, which they deny. In the absence of such an agreement, the attempt by Kaminski to make a contract of indorsement for the firm, other than without recourse, was a positive fraud as to Withmar and Gray. *Fellows v. Wyman*, 33 N. H. 351 ; *Yule v. Eames*, 1 Metc. ( Mass.) 486. At the time when Kaminski received the note, he had no legal right to make an unconditional indorsement in his own favor, whether the dissolution at that particular moment had been finally consummated or not, as the contract of dissolution had been agreed to.

If the unconditional indorsement of the note by Kaminski was fraudulent and without authority, then, before the plaintiffs can recover against Withmar and Gray, they must show that they purchased the note for value in the regular course of their business, and that in making the purchase they acted in good faith. It

may be conceded that the plaintiffs bought the note before its maturity and that they gave value for it, and it may also be conceded that the plaintiffs purchased the note in their usual course of business, although there is nothing to show that they were in the habit of dealing in negotiable securities; but the question whether they were *bona fide* purchasers within the meaning of the law still remains.   The defendants urge that the plaintiffs cannot be regarded as purchasers in good faith, because they paid for the note in suit by giving their note (which is still outstanding), to Kaminski's wife.   This transaction must certainly be regarded as unusual, and outside of the ordinary scope of partnership business, and it ought to defeat plaintiffs' right of recovery against Gray and Withmar, unless it is supplemented by testimony to the effect that Kaminski had been in the habit, with the knowledge of his partners, of disposing of the firm's property for the benefit of himself or wife, or unless it was agreed by Gray and Withmar that Kaminski should take the note with the firm's indorsement.   *Cayton v. Hardy*, 27 Mo. 536; *Grear v. Yosti*, 56 Mo. 307; *Horton v. Bayne*, 52 Mo. 531.   The fact that Kaminski demanded that his wife should receive the benefit of the discount of the firm's paper does not make a case of mere suspicion that Kaminski was acting fraudulently, but it was so clearly outside of the scope of ordinary partnership business, that plaintiffs' action in acceding to it, instead of being evidence of good faith, was evidence of bad faith, which in the absence of explanatory circumstances became conclusive.   This conclusion in no way conflicts with the doctrine announced in *Hamilton v. Marks*, 63 Mo. 167.

·If Gray and Withmar are properly chargeable as indorsers, the notice of protest left at Gray's place of business was sufficient to bind both Gray and Withmar.

The judgment of the circuit court will be reversed and the cause remanded for retrial in accordance with this opinion.   All the judges concurring, it is so ordered.