## J. A. KIRK, Appellant, v. W. B. KANE, Respondent.

Kansas City Court of Appeals, March 4, 1901.

1. **Receivers: LEAVE TO SUE: POSSESSION OF PROPERTY.** A receiver can not be sued without permission of the court appointing him; the courts jealously guard any property in their possession through a receiver.

2. ————: ————: **TORTS OF: LIABILITY.** A receiver is liable personally for his torts, and his official character will be no defense, and he may be sued personally without leave of court.

3. ————; ————: **TRESPASS: LIABILITY.** Where a receiver takes possession of the property not included in his trust, he becomes personally liable, even though he took possession under an order of court just as a sheriff with a valid execution is liable for taking thereunder property of one not a defendant.

4. ————: **EVIDENCE: GENERAL DENIAL.** In an action for conversion, a general denial puts in issue the ownership of the property, and evidence tending to prove that the defendant in his capacity as receiver, was the owner and in possession of the property at the time of the conversion, is admissible since it tends to disprove the allegation of plaintiff's ownership.

5. ————: **CONVERSION: EVIDENCE: INSTRUCTIONS.** The evidence and instructions are reviewed and it is held that the question of the ownership of the property alleged to be converted should have gone to the jury, and certain instructions given for the defendant are condemned as withdrawing such issue from the jury.

Kirk v. Kane.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

REVERSED AND REMANDED.

*J. W. McAntire* and *E. O. Brown* for appellant.

(1) Upon suspension of mining operations and failure to remove the mining plant from leased premises within sixty days after notice in writing so to do, the legal effect of the mining lease, under which the Roberta Mining Company operated, was to invest in plaintiff the entire title to the mining machinery in controversy and the right to immediate possession thereof. Harrington v. Neville, 83 Mo. App. 589. The word forfeit has various meanings depending upon the connection in which it is used. It has been held to be a word of transfer of title. Commonwealth v. Avery, 14 Bush. 638. (2) It is clear, therefore, that the failure of said company to keep up mining operations under the lease, worked an absolute forfeiture thereof, which gave the plaintiff the option of claiming the machinery in question, which was sufficiently expressed by locking the door of the building, inclosing the same and boarding up the shaft. Clark v. Brookfield, 81 Mo. 503; Broaddus v. Ward, 8 Mo. 217; 13 Am. and Eng. Ency. of Law, 1078. (2) It is a well-recognized exception to the rule regarding leave of court to sue a receiver, that the receiver may waive his privilege and appear and plead to the cause, and that the want of such leave can not be made ground for dismissing the suit after such appearance. Smith on Receiverships, sec. 84, par. G; Beach on Receivers, sec. 653. The defendant, after appearing and joining issue without objection, can not object that leave to sue was not obtained.

*Howard Gray* for respondent.

(1) This suit was brought against the receiver without leave or authority of the court in which the receivership proceedings were pending. This being true, the appellant can not maintain the same. Fullerton v. Fordyce, 121 Mo. 1; Smith v. Railroad, 151 Mo. 391; Kortjohn v. Seimers, 29 Mo. App. 271; Armstrong v. McMillon, 9 Mo. 721; Bosse v. Thomas, 3 Mo. App. 472; Young v. Glascock, 79 Mo. 574; Pulliam v. Burlingame, 81 Mo. 111; Commission Co. v. Mason, 16 Mo. App. 473. (2) Even though the court should hold that as the respondent appeared in the case and filed a general denial that he waived the defense, that the suit was brought without leave of the court wherein the receivership proceedings were pending, yet he did not waive the defense that the property was in his hands as the officer of the court and that the plaintiff could not maintain this kind of an action against him concerning such property while it was so in his custody. Armstrong v. McMillan, 9 Mo. 721, and the other cases above cited. (3) The provision of the lease regarding machinery becoming the property of the appellant if not removed from the premises within sixty days from notice of forfeiture, is not binding upon the receiver. When the receiver was appointed, the property in controversy was personal property belonging to the corporation, and he took charge of same as such receiver, and the covenants in the lease were not binding upon him: Distilling Co. v. McNulta, 77 Fed. Rep. 700; Trust Co. v. Land Co., 79 Fed. Rep. 19; In re Bishop, 62 N. W. Rep. 335; Bell v. Protective League, 40 N. E. Rep. 857; Bank of Port Huron v. Gates, 80 N. W. Rep. 13; Publishing Co. v. Car Wheel Co., 32 S. W. Rep. 1097; Electric Co. v. Whitney, 74 Fed. Rep. 664; Scott v. Railroad, 42 Pa. St. 531. (4) The corporation, after the

receiver was placed in charge of its property, could not remove the machinery and had no authority to do so, and the receiver is not an "assign" of the lease within the meaning of the term as used therein. Bell v. Protective League, 40 N. E. Rep. 857; Publishing Co. v. Car Wheel Co., 32 S. W. Rep. 1097.

SMITH, P. J.—The plaintiff executed to one Reynolds a mining lease on certain land for a term of eight years. Reynolds assigned the lease to the Roberta Mining Company, a corporation. The lease contained a provision that the lessee or his assigns should keep one or more shafts at work continuously and put in and keep in operation thereon, pumps and pumping machinery of sufficient capacity to drain said land to the depth of at least two hundred feet, etc. There was a further provision to the effect that if said lessee or his assigns should fail to comply with any of the provisions thereof, or fail to pay the royalty or to keep the pump in operation, he or they should forfeit the right to remain in possession of the land; and that the plaintiff might re-enter and take possession without process of law. There was a still further provision which, in substance, was that in the event the said lessee or assigns should forfeit said lands, he or they should have the right, within sixty days after such forfeiture and after notice of the same had been served in writing by plaintiff, to take from said land the machinery thereon, and in the event they failed to do so within that time, that then the machinery so remaining thereon should become the property of the plaintiff and become his as liquidated damages for a failure to comply with the terms of the lease.

In February, 1899, in a suit by the creditors of the Roberta Mining Company against it, the defendant Kane was appointed receiver of the said defunct mining company. Nearly two months afterwards—March 27, 1899—the plain-

tiff, in pursuance of the provisions of the lease, declared the same to be forfeited and gave to the vice-president of the defunct and the receiver notice of the fact and to remove the machinery on said leasehold. The machinery was not removed from the leasehold within the sixty days as provided in the lease. The plaintiff, after the expiration of the sixty days' notice, took possession of the said machinery. Still later on, in October, 1899, while plaintiff was so in possession of said machinery, the defendant entered upon said leasehold and there took and carried away the same.

The petition alleges that the plaintiff was the owner and in possession of said mining machinery, and that the same was of the value, etc., and that afterwards the said machinery came into the possession of the defendant "who then and there unlawfully and wrongfully converted to his own use and disposed of the same, to plaintiff's damage," etc. The answer was a general denial. There was a trial and at the conclusion of the evidence the court gave three instructions for the defendant, the first of which was in the nature of a general demurrer to the evidence. The second declared that under the answer the defendant was entitled to make the defense that he was holding the property in controversy under an order of the circuit court of Jasper county, and the third declared that: "It being admitted that under the evidence in this case the defendant in February, 1899, was appointed receiver for the Roberta Mining Company by the circuit court for Jasper county, Missouri, at Joplin, upon the application of a creditor of the Roberta Mining Company, and that he duly qualified as said receiver and took possession of the property in controversy as such receiver and under the order of said court, and at the time this suit was brought he was holding the said property as receiver of said court, the court declares the law to be that the plaintiff is not entitled to recover said property

from the defendant."

The authorities all declare with one accord that, unless expressly authorized by statute, a suit can not be brought against a receiver without the permission of the court which appointed him. Courts are rightfully jealous in regard to their possession, through a receiver, of funds or property which they are called upon to administer and distribute, or adjudicate and determine the rights of parties thereto. It would not be in harmony with the fundamental principles of equity jurisprudence, if the possession of a court of competent jurisdiction could be harassed and interfered with at the whim and caprice of litigants in their unseemly scramble for advantage. Smith v. Railway, 151 Mo. 391; Smith on Receivers, sec. 83 and authorities cited in note 1; Beach on Receivers (Ald. Ed.), secs. 229-240.

But this suit is not against defendant in his capacity as receiver, but against him personally to recover damages for the conversion by him of the plaintiff's chattels. It is an action for tort. A receiver will be liable personally for trespass or torts committed by him. He obtains no immunity from liability in such cases by reason of his office. He may frequently, under color of office, get possession of property which does not belong to or is not a part of the receivership property, and his official character ought not to be a defense to his tortious action or deprive parties of their rights. As a wrongdoer he is liable personally, whether liable officially or not. Gulch v. McIlhargey, 69 Mich. 377; Kinney v. Ramsey, 96 Mich. 617; Hills v. Parker, 111 Mass. 508; Curran v. Craig, 22 Fed. Rep. 101; Smith on Receivership, secs. 84, 128. In all such cases the receiver may be sued without obtaining an order of the court for leave to do so. Beach on Receivers (Alderson's Ed.), sec. 663; Smith on Receivership, 189; High on Receivers, sec. 257.

And where a demand against a receiver arises from his having taken unlawful possession of property which is not included in the trust, and which does not involve his administration of the trust, he may be held personally liable even though he took possession under an order of the court.   Beach on Receivers (Ald. Ed.), secs. 723, 2208.   It has been held that when a sheriff armed with a valid writ of execution takes property thereunder of one not a defendant, that he is a trespasser.   State ex rel. v. Rucker, 19 Mo. App. 587; State v. Hope, 88 Mo. 430.

The distinction between trover and trespass has been abolished in this State.   Tipton v. Burton, 58 Mo. 436; Ireland v. Horseman, 65 Mo. 511.

The order of the court authorizing the defendant, as its receiver, to take possession of the property, etc., of the mining company and to remove and dispose of the same was in effect an execution, and the attitude of the defendant in executing it was somewhat analogous to that of a sheriff receiving an execution.   If the defendant, under the order, took possession of or converted any property which was not part of the receivership property of which he was not the owner as receiver, we can not discover that his liability for such tortious conduct would be different from that of a sheriff taking property of one not a defendant.   The judgment which the plaintiff seeks to recover in this case can in no way interfere with or effect the funds or property in the custody of the court through its receiver, which it has been called upon to administer and distribute, and for that reason the plaintiff was not required to first obtain an order granting him permission to bring his suit.

Such judgment would establish no right, lien, or priority to any property or fund in the custody of the court.   The plaintiff's right to sue was not impaired or lessened by the

fact that the defendant, when he committed the tortious act complained of, was the receiver of the defunct.

The defendant, by the general denial pleaded in his answer, put in issue the ownership of the property in dispute at the time of the alleged wrongful conversion.

Was it competent for the defendant, under this issue, to prove at the trial that prior to said alleged conversion he had been, under an order of the circuit court of Jasper county, duly appointed receiver of the property of the said mining company, which included that in dispute and that, under said order as such receiver, he was the owner and in possession of such property at the time of the alleged conversion thereof? Under the old system, by pleading the general issue, everything was open to proof which would show a valid defense. But the present "practice act," which has been substituted for the general issue and requires a statement of any new matter constituting a defense, in addition to a special denial of the several allegations of the petition intended to be controverted, has worked a complete change in the principles of pleading. The defendant, by merely answering the allegations of plaintiff's petition, can try only such questions of fact as are necessary to sustain the plaintiff's case. If he intends to rely on new matter, which goes to defeat or avoid the plaintiff's action, he must set forth in clear and precise terms each substantive fact relied on. Where the cause of action alleged never existed, the appropriate defense under the statute is a denial of the material allegations of the petition. Such facts as tend to disprove the controverted allegations are pertinent to the issue. Greenway v. James, 34 Mo. 328; Northrup v. Ins. Co., 47 Mo. 435; Young v. Glascock, 79 Mo. 574. Any fact which tended to disprove the plaintiff's ownership of the property at the time of the alleged conversion thereof would be admissible under the issue made by the denial of the answer.

Evidence tending to prove that the defendant, in his capacity as receiver, was the owner and in possession of the property at the time of the conversion, would be admissible under the issue, because it would disprove the controverted allegations of the plaintiff's ownership.

This brings us to the consideration of the defendant's instructions. Even though it was competent, under the issue, for the defendant to prove the facts stated in the defendant's third, and even if the same were conceded to have been proved, still, did this justify the action of the court in withdrawing the case from the jury? Even if all the facts grouped in said instruction were admitted to have been established, still, we do not think they were sufficient to justify the giving of the defendant's first and third instructions, or, indeed, any of them. We do not find included in said admissions the fact that the defendant, in his quality of receiver, was the owner of said property at the time of the alleged conversion. It may have been that the ownership was in the mining company at the time he was ordered to take possession of its property, but the ownership under the provisions of the lease might have, prior to the alleged conversion, passed to and become vested in the plaintiff. The defendant may have then been but a bailee of the property. The vital question in the case was as to the ownership at the time of the conversion. If the plaintiff was then the owner of the property, the mere fact that the defendant was in possession of it under the order of the court would not be a defense available to him in an action by plaintiff against him for conversion. The plaintiff could not be deprived in that way of his property. The mere fact that under the order of the court the defendant, in his capacity as receiver, took possession of said property and was holding it, was not sufficient to warrant the action of the court in respect to giving of defendant's instructions.

Besides this, the defendant's third instruction was palpably erroneous in telling the jury that the plaintiff, on the facts therein admitted, was not entitled to recover the property. The suit was for conversion and not for the recovery of the possession.

The plaintiff was entitled to a submission of the case, and the action of the court in withdrawing it by giving of said instructions for defendant was improper.

The plaintiff's first and fourth instructions refused by the court seem to us to be correct expressions of the law applicable to the facts which the evidence tends to establish.

The judgment must be reversed and the cause remanded. All concur.