Levi G. Hetzel v. George M. Fadner.

Edwin C. Day et al., Appellees, v. George M. Fadner, Appellant.

Gen. No. 17,561.

RECEIVERSHIPS—*when suits may be brought against receivers without leave of court.* If with or without order of court a receiver takes property to which he is not entitled, he becomes a trespasser. If he commits a tort, neither his order of appointment nor an order under which he acts will·protect him and in such cases he may be sued without leave of court and the court which appointed him cannot lawfully enjoin such suit.

Bill for injunction. Interlocutory appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed. Opinion filed October 3, 1911. Rehearing denied October 17, 1911.

Statement by the Court. This is an appeal from an interlocutory order entered by the Circuit Court of Cook county on January 17, 1911, restraining one Fadner from prosecuting his suit at law in the Superior Court of Cook county against Edwin C. Day and John C. McPherson, who are receivers in this case, and Lewis W. Parker and Henry M. Hagan, solicitors for said receivers, all impleaded with Levi G. Hetzel, complainant herein.

On March 10, 1904, Hetzel filed his bill of complaint in the Circuit Court against Fadner, alleging that they were partners, and praying for a dissolution of the partnership, and for the appointment of receivers to wind up the partnership affairs, and for an injunction restraining defendant from collecting or receiving any of the debts due or owing to the firm and from applying any of the partnership funds to his own use. An injunctional order was immediately issued against defendant, and the cause referred to Master in Chancery Wait to report whether a receiver should be appointed, and whether the injunction should stand. On June

24, 1904, after taking testimony, the master made a report, recommending that a receiver be appointed and that the injunction stand. Five days later, Edwin C. Day and John C. McPherson were appointed receivers of the partnership property. Shortly after their appointment, they took possession of all the books, papers and other property alleged in the bill of complaint to be firm property, and also, against Fadner's protest, took possession of his individual office and of a large amount in value of notes, papers and documents belonging to him individually.

On July 12, 1904, Fadner filed a petition in the cause, setting up the appointment of the receivers, and alleging that, after the first of May of that year, and until the 29th of June, 1904, he had occupied certain premises in the Roanoke Building, under a lease running to him individually and expiring April 30, 1907; that on the 29th of June, the receivers, pretending to act as such, took forcible possession of said premises against his protest, and have since continued to refuse to vacate and turn over said premises to petitioner; that said premises did not at that time, nor when the bill was filed, in any way belong to the assets of the partnership, but belonged to the petitioner individually. Petitioner further alleged that numerous articles of personal property, consisting of stock certificates, promissory notes, agreement, chattel mortgages, abstracts, etc., of large value, together with other property, which he could not particularly describe, because it was in their possession, but which belonged to him personally, or as trustee for his wife and son, were taken by said receivers against his will and protest, and he asked that the receivers be compelled to bring the property into court, so that it might be determined which items of it belonged to him individually, and which to him, as trustee for his wife and son. The receivers and Hetzel filed separate answers to this petition, the receivers admitting the taking of the property, but stating that they had been informed by the complainant Hetzel that the documents and papers referred to belonged to the partnership and not to the petitioner individually, nor as trustee, while Hetzel

answered that, as to the personal property referred to, it was so mixed with property belonging to the partnership, that Hetzel was unable to designate in his answer which of it belonged to the partnership and which was the individual property of the petitioner.

The cause having, in the meantime, been referred to Master Jamieson, an order was obtained on April 28, 1905, by Fadner, requiring the receivers to deliver all property pertaining to the case to said master (said receivers having previously refused to comply with the master's request that they do so). On the 3rd of November, 1905, Fadner filed another petition against Hetzel and the receivers, praying for an order directing the delivery of the individual property, then in the hands of Master Jamieson, to him. The receivers and Hetzel answered separately that they believed the property to be partnership property, and praying that Fadner be compelled to show affirmatively that each article claimed by him was his individual property.

Upon this petition a hearing was had, resulting in the master making a special report to the effect that certain property, therein set out, belonged to Fadner, and should be restored to him. To this report Hetzel filed objections which, upon hearing, were overruled.

After a hearing upon the merits, Master Jamieson, on March 7, 1908, filed his report, in which he stated that Hetzel had failed to show fraud on the part of Fadner, or that there was any necessity for the appointment of receivers, or the issuance of the injunction; also that the partnership had been dissolved on January 29, 1904, several months before complainant's bill was filed. Both Hetzel and Fadner filed objections to this report, which were not disposed of by the court until July 1, 1909. The court in its final decree sustained many of the objections of Hetzel. Fadner appealed from the decree, and his appeal is now pending in this court as general number 15,935. In the meantime, the receivers had filed their reports, and also a petition, asking for compensation for their work. Fadner filed an answer to the petition. The petition, and report of the receivers,

and the answer of Fadner, were referred to Master Zeisler for a report.

At this stage, Fadner began an action at law in the Superior Court for $75,000 damages against Hetzel, Day, McPherson, Parker and Hagan. The case was at issue, and Fadner was pressing it for trial. Judge Ball of the Superior Court had peremptorily set it for trial on the 16th of January, 1911. On the 13th of that month, the attorneys for defendants served notice that the next day they would appear before Judge Tuthill and ask for an order in the chancery cause restraining the prosecution of the suit at law in the Superior Court. Fadner then filed a petition for a change of venue from Judge Tuthill upon the ground of his alleged prejudice against Fadner, and this petition was presented to Judge Tuthill before a hearing was had upon the motion of the other side for the injunction. On January 16, 1911, Judge Tuthill denied the application for the change of venue, and issued an injunction against the prosecution of the suit at law, from which this appeal was taken.

HARRIS F. WILLIAMS and LEE D. MATHIAS, for appellant.

JAMES J. BARBOUR and GEORGE G. KING, for appellees; F. H. TRUDE, of counsel for Edwin C. Day.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

Fadner and Hetzel were partners. Hetzel filed a bill in the Circuit Court to dissolve the partnership, and for the appointment of receivers and an accounting. Receivers were appointed of the partnership property. Subsequently, Fadner began a suit at law in the Superior Court against Hetzel and the two persons who had been appointed receivers, and their attorneys, alleging in his declaration that the defendants, conspiring together to injure and destroy his business and to receive and keep his goods, chattels and effects, and falsely and maliciously pretending they had a right to

do so in behalf of the two defendants who were receivers in the chancery suit of the assets of the partnership, and well knowing that they had no right or authority to do so, came to the office of the plaintiff, and with force and arms, seized, took and carried away a large quantity of the goods and chattels belonging to plaintiff, and of great value, and converted the same to their own use.

The second count of the declaration charged the defendants in trover for the conversion; the third count in trespass; and the fourth in case.

May the Circuit Court, having jurisdiction of the equity case, and consequently of the partnership property, enjoin the prosecution of this suit at law? We think not. Upon the appointment of the receivers, they became vested with the title to the partnership property of the partners, but not to the individual property of Fadner. If the receivers wrongfully assumed to take and hold property not embraced in the order of their appointment, they became trespassers and subject to an action by the rightful owner for damages. 34 Cyc. 410; Hills v. Parker, 111 Mass. 508; Kirk v. Kane, 87 Mo. App. 274.

Receivers are not protected by their official character against an action in tort. If wrongdoers, they are liable personally, and leave of court to sue them for such misconduct is not necessary. If they take property, not included in the litigation, they become liable as trespassers, and an order of the court, authorizing the taking of property not included in the litigation would be beyond its jurisdiction, and no protection to the receivers. Anderson on Receivers, 329; Gutsch v. McIlhargey, 69 Mich. 377; Kenney v. Ranney, 96 Mich. 617; Bowman v. Hazen, 69 Kans. 682; 77 Pac. 589.

Appellees urge, among other things, that appellant by coming into the chancery cause by petitions alleging ownership (individually and as trustee) of the property in question, had elected his forum, and, therefore, could not go into another to procure the same relief. But we do not find

that the questions raised in the suit at law have been or can be litigated in the chancery cause.

The gist of Fadner's suit at law for damages is that the defendants therein named intentionally, wilfully and maliciously took his individual property for the purpose of ruining his business, and knowing that it had no connection with the partnership assets. To recover in this suit, it will be necessary for the proof to sustain these allegations. If the plaintiff cannot prove the averments in his declaration, he must fail, but he has a right to have the questions heard and determined by the jury.

The injunction was improvidently issued, and the order granting it will be reversed.

*Injunction order reversed.*